**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Burt,<br><br>       Plaintiff,<br><br>vs.<br><br>Joseph Arpaio, et al.,<br><br>       Defendants. | No. CV 05-2281-PHX-MHM (JRI)<br><br>**ORDER** |

Plaintiff Charles Burt, formerly confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a Notice indicating he was released from custody on September 29, 2005. Plaintiff paid the $250.00 filing fee on November 22, 2005. This is one of more than 1,000 civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] The Court will require an answer to the Complaint.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II. Complaint**

The following are named as Defendants in the Complaint: 1) Maricopa County Sheriff Joseph Arpaio; 2) Captain Peterson, Jail Commander, Durango Jail; and 3) Unknown Detention Officers.

Plaintiff raises three grounds for relief: 1) the Jail was overcrowded in violation of the Eighth and Fourteenth Amendments; 2) conditions in the Jail are hazardous and Plaintiff was exposed to lead paint and asbestos in violation of the Eighth and Fourteenth Amendments; and 3) conditions in the Jail were unsanitary in violation of the Eighth and Fourteenth Amendments. These allegations adequately state a claim and the Court will require Defendants Arpaio and Peterson to answer the Complaint.

**III. Dismissal of Defendants Unknown Detention Officers**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). In this case, Plaintiff has simply made conclusory allegations against a large group of unknown defendants whom he designates as "Unknown Detention Officers." This is not sufficient to state a claim. Plaintiff must identify specific detention officers whose actions caused the injuries he describes. Because Plaintiff has not linked his injuries with specific detention officers, Defendants Unknown Detention Officers will be dismissed.

**IV. Warnings**

**A. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff may not include a motion for other

relief with a notice of change of address. Failure to comply may result in dismissal.

**B. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Unknown Detention Officers are **dismissed** from this action without prejudice.

(2) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Arpaio and Peterson.

(3) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendants Arpaio and Peterson within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(5) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(6) The United States Marshal must notify Defendants Arpaio and Peterson of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file with the Court requests for waivers returned as undeliverable or waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants Arpaio and Peterson must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

. . .

1     (12) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Local Rules
2 of Civil Procedure 72.1 and 72.2 for further proceedings.
3     DATED this 5th day of July, 2006.

                              Mary H. Murguia
                              United States District Judge