WO                                                                                    **JWB**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Charles Burt, | ) No. CV 05-2281-PHX-MHM-JRI |
|       Plaintiff, | )<br>) **ORDER** |
| vs. | )<br>) |
| Joseph M. Arpaio, et al., | )<br>) |
|       Defendants. | )<br>) |

In this civil rights action brought by a former county jail inmate, Defendants moved to dismiss for lack of exhaustion (Doc. # 10).  Plaintiff responded, and Defendant replied (Doc. ## 13, 12).  The Court will grant Defendants' motion and terminate this action.

**I.    Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendants Joseph Arpaio and Captain Peterson alleging that Plaintiff's constitutional rights were violated by: (1) overcrowded conditions at the Durango Jail; (2) exposure to lead paint, asbestos and other hazardous conditions; and (3) exposure to other unsanitary conditions (Doc. # 1 at 4-6). Defendants Arpaio and Peterson were ordered to answer the Complaint, and they subsequently filed a Motion to Dismiss on the ground that Plaintiff failed to exhaust his administrative remedies (Doc. ## 7, 10).  In support of their motion, Defendants submitted (1) an affidavit of Sergeant Zelean Tademy and (2) the Maricopa County Sheriff's Office's Inmate Grievance Procedures (Doc. # 10, Ex. 1).

///

## II.    Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action.  See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the administrative review process in accordance with the applicable rules.  See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006).  Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III.    Analysis

Plaintiff brought a Complaint claiming that the Durango Jail was severely overcrowded and that Plaintiff was exposed to hazardous and unsanitary conditions (Doc. # 1 at 4-6).  In his Complaint, Plaintiff acknowledged that a grievance system existed at the Jail but claimed that he was told his issues were not grievable (Id.).

In support of their motion to dismiss, Defendants submitted the affidavit of Sergeant Zelean Tademy (Tademy Aff., Ex. 1, Doc. # 10).  Tademy asserts that he has searched Plaintiff's file for records of his grievances and only one grievance was filed by Plaintiff, but that it related to an issue with medical care (Id. at ¶ 13).  Tademy asserts that Plaintiff did not file any grievances related to overcrowded, hazardous, or unsanitary conditions (Id. at ¶ 14).  Finally, Tademy attests that other inmates at the Durango Jail were able to file grievance related to overcrowded and unsanitary conditions.

1    Plaintiff responded that he asked M.C.S.O. staff for forms to grieve his claims and he

2  was denied, instead being told that his issues were not grievable (Doc. # 13 at 2-3, 5).

3  Plaintiff seems to argue there were no "available remedies" to him and therefore he was not

4  required to exhaust his administrative remedies.  Plaintiff has not, however, specifically

5  named *any* of the officers who refused his request for grievance forms nor has he described

6  with any degree of specificity what transpired to prevent him from filing grievances.

7    Defendants replied that all issues may be grieved and that detention officers pass out

8  grievance forms to inmates who request them.  Defendants further replied that other inmates

9  were able to grieve those same issues during the same time period of Plaintiff's incarceration

10  (Doc. # 12 at 3).

11    In light of Plaintiff's generalized allegation that detention officers told him that his

12  issues were not grievable, Defendants' evidence that the same issues were frequently grieved

13  during the time that Plaintiff was incarcerated at the Durango Jail, and the fact that Plaintiff

14  was able to utilize the grievance process for another issue, Defendants have demonstrated

15  that Plaintiff failed to exhaust available remedies with respect to overcrowding, hazardous,

16  and unsanitary conditions.

17    **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. # 10) is **granted**, and

18  Plaintiff's action is dismissed without prejudice.  The Clerk shall terminate this action.

19    DATED this 3rd day of May, 2007.

20

21

22  _____

23  Mary H. Murguia
    United States District Judge

24

25

26

27

28

- 3 -